UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CRAIG MANGUM,                              :

                Petitioner,            :

   -against-                              :

SUPERINTENDENT WILLIAM LEE,                :

                Defendant.             :

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-18-2013
```

**REPORT AND RECOMMENDATION TO THE HONORABLE PAUL A. CROTTY**

12 Civ. 7122 (PAC) (FM)

**FRANK MAAS**, United States Magistrate Judge.

      Pro se petitioner Crag Mangum ("Mangum") seeks a writ of habeas corpus following his conviction of one count of Robbery in the First Degree after a trial in Supreme Court, New York County, before Justice Juan Merchan and a jury. Mangum was sentenced as a second violent offender and is currently serving a twenty-two year prison term at the Green Haven Correctional Facility. The sole issue raised by his petition is a claim that the trial court deprived him of a fair trial, in violation of his Fourteenth Amendment rights, by failing to submit to the jury a charge regarding the lesser included offense of Robbery in the Third Degree. As set forth below, this claim does not entitle him to habeas relief.

I. <u>Relevant Factual and Procedural Background</u>

    A. <u>Facts</u>

The evidence, viewed in the light most favorable to the People, established as follows:

Mangum was a construction worker at a building site in Manhattan until March 28, 2008, when he was terminated. Prior to his termination, David Lloyd, a construction supervisor had reported that Mangum was "not a good worker." On March 28, after both men received their salary, Lloyd went offsite to cash his paycheck and later returned to work. He contacted building security upon his return because he noticed that Mangum, despite having been terminated, remained at the site.

At approximately 5:30 p.m., after most of the workers had left, Mangum asked Lloyd to take him to the eighth floor via a hoist so he could retrieve some personal property. Either on the hoist or once on the eighth floor, Mangum displayed a shiny weapon that appeared to be a 9mm handgun. After pointing the weapon at Lloyd's forehead, Mangum directed him to undress because Lloyd denied having any money on his person. Mangum obtained approximately $1,400 by searching Lloyd's clothes; he then fled down a staircase. Wearing only his socks, Lloyd ran down a different staircase to the building security office, where he reported what had occurred. A security guard gave chase, but was unable to apprehend Mangum. The New York City police subsequently arrested Mangum in May 2008.

B.   Request for Lesser Included Offense Charge

Although there was no defense case, there was considerable material that the defense could use to attack Lloyd's credibility. Indeed, Lloyd himself had numerous misdemeanor convictions for such crimes as drug possession, theft of goods and services, and issuing a bad check. Because of Lloyd's checkered past and alleged inconsistencies in his testimony, Mangum's trial counsel argued that a reasonable juror could conclude that Mangum forcibly stole Lloyd's money, but not at gunpoint.

Under New York State law, a trial court must submit a lesser included offense charge if there is any reasonable view of the evidence that would justify a conviction on that charge rather than the one set forth in the indictment. See N.Y. Penal Law § 300.50 (1), (2). In making this determination, the court must view the evidence in the light most favorable to the defendant. People v. Martin, 59 N.Y.2d 704, 705 (1983). After considering the issue, Justice Merchan rejected the request, reasoning, in part, as follows:

> . . . [W]e know that [Lloyd] wasn't high at the time . . . [b]ecause we had two different witnesses testify that in their professional training and experience having seen many people who are not [sic] under the influence of drugs and alcohol, he was not.
>
> So we would have to then believe that a person who was perfectly sober, acting in a perfectly sober state, just decided for some unknown reason to take all [his] clothing off to exaggerate that [he] had just been robbed. That almost calls for a bizarre conclusion, certainly the opposite of reasonable. And so I'm not going to charge them on the lesser included.

(ECF No. 9 (Decl. of Ass't Att'y Gen. Priscilla Steward, dated Dec. 12, 2012 ), Ex. A (Pet't'rs Br. on Appeal) at 9-10).

On appeal, the Appellate Division, First Department, concluded that Justice Merchan properly denied the defense request for a lesser included offense charge. As the court explained:

> The victim was certain that the defendant displayed what appeared to be a pistol, and there was no identifiable record basis upon which the jury might reasonably have differentiated between segments of the victim's testimony. . . . Defendant's alternative theory as to how the victim might have been robbed is entirely speculative.

People v. Mangum, 930 N.Y.S.2d 445 (1st Dep't 2011).[1]

On December 6, 2011, Judge Robert S. Smith denied Mangum's letter application for leave to appeal to the New York Court of Appeals. People v. Mangum, 18 N.Y.3d 860 (2011). Mangum subsequently timely submitted his habeas petition to the Pro Se Office of this Court on September 20, 2012. (See ECF No. 1).

II. Discussion

To credit Mangum's proposed version of the facts, and thus return a guilty verdict as to the Robbery in the Third Degree charge, the jury would have had to conclude that Mangum used or threatened the immediate use of physical force through means other than the display of a weapon. (Compare PL § 160.15(4) ("A person is guilty of robbery in the first degree when he forcibly steals property and . . . [d]isplays what

---

[1] The Appellate Division also rejected Mangum's claim that his sentence was excessive. Id.

appears to be a pistol, revolver, . . . or other firearm"), with id. § 160.05 ("A person is guilty of robbery in the third degree when he forcibly steals property."). As the Appellate Division correctly observed, there was no evidence suggesting that this was how the robbery occurred. Accordingly, it does not appear that the New York courts misapplied New York law.

More importantly for present purposes, the United States Supreme Court has never held that a criminal defendant has a right to have a lesser included offense charge given to the jury in a noncapital case. In Beck v. Alabama, the Supreme Court held that "if the unavailability of a lesser included offense instruction enhances the risk of an unwarranted conviction, [a state] is 'constitutionally prohibited from withdrawing that option in a capital case." 447 U.S. 625, 637-38 (1980) (quoting Gardner v. Florida, 430 U.S. 349, 357 (1977) (opinion of Stevens, J.)). Since Beck, however, "neither the Supreme Court nor [the Second Circuit] has decided whether the failure to instruct a jury on lesser included offenses in noncapital cases is a constitutional issue that may be considered on a habeas petition." Knapp v. Leonardo, 46 F.3d 170, 179 (2d Cir. 1995). It follows that Mangum's petition must be denied because he cannot show that the state court's refusal to set aside his conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (emphasis added).

III.  Conclusion

Mangum's petition should be denied.  Additionally, because Mangum has failed to make the requisite substantial showing of the denial of a constitutional right, he should be denied a certificate of appealability.  See 28 U.S.C. § 2253(c)(2).

V.  Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a) and (e).  Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).

SO ORDERED.

Dated:   New York, New York
         January 18, 2013

_____
FRANK MAAS
United States Magistrate Judge

Copies to:

Craig Mangum
DIN # 10-A-3264
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

Priscilla Steward
Assistant Attorney General
Office of the New York State
  Attorney General
120 Broadway
New York, New York 10271