UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CRAIG MANGUM,

                Petitioner,

    -against-

SUPERINTENDENT WILLIAM LEE,

                Respondent.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-13

12 Civ. 7122 (PAC) (FM)

ORDER ADOPTING REPORT &
RECOMMENDATION

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Craig Mangum objects to Magistrate Judge Frank Maas's Report and

Recommendation ("R&R") that his petition for a writ of habeas corpus be denied.  Mangum

challenges his conviction after a jury trial for robbery in the first degree because the judge

refused to charge the jury that it could convict him of the lesser-included offense of robbery in

the third degree.[1]  For the reasons set forth below, the Court adopts the Magistrate Judge's R&R

and denies Mangum's petition.

## BACKGROUND

The Court adopts and presumes familiarity with the R&R's statement of the facts (*see*

ECF 11) but notes the following for purposes of addressing Mangum's objections.

The sole witness to the charged crime was the victim, David Lloyd, who was Mangum's

supervisor at a construction site.  Lloyd gave Mangum poor reviews before Mangum was fired.

Lloyd testified that Mangum returned to the construction site one evening—after most other

---

[1] New York law defines third-degree robbery as the "forcibl[e] steal[ing] [of] property." N.Y. Penal Law §§ 160.05.
Where the defendant is also armed with a deadly weapon or displays what appears to be a firearm, the offense
increases to first-degree robbery. *Id.* 160.15.

workers had left—and robbed him using what appeared to be a nine millimeter handgun.  In particular, Lloyd testified that Mangum put a gun to his head and forced him to completely undress because Lloyd denied having any money on his person. Mangum obtained $1,400 by searching Lloyd's clothes.  There was no defense case.  Instead, the defense chose to attack Lloyd's credibility on the basis of his criminal history and drug use, as well as alleged inconsistencies in his testimony.  (Trial Tr. 52–56.)  No firearm was received in evidence.

Mangum's counsel requested that the trial judge charge the jury that it could convict Mangum of the lesser-included offense of third-degree robbery.  The trial judge denied Mangum's request, holding that such an instruction was required only if there is a "reasonable view of the evidence" that the defendant committed the lesser offense but not the greater.  Trial Tr. 170; *see* N.Y. Crim. Proc. Law § 300.50(1), (2).  The judge reasoned that since there was no evidence of force absent the firearm, "[e]ither the jury believes [Lloyd's testimony] or they don't believe anything." (Trial Tr. 171.)  The judge explained further that because two witnesses testified that Lloyd appeared sober after the incident, the jury "would have to then believe that [Lloyd] just decided for some unknown reason to take all [his] clothing off to exaggerate that [he] had just been robbed.  That almost calls for a bizarre conclusion, certainly the opposite of reasonable." (*Id.* 171–72.)

The Appellate Division summarily denied Mangum's appeal of this decision, reasoning that Lloyd "was certain that defendant displayed what appeared to be a pistol, and there was no identifiable record basis upon which the jury might have reasonably differentiated between segments of [Lloyd]'s testimony." *People v. Mangum*, 930 N.Y.S.2d 445 (App. Div. 1st Dep't 2011).  The New York Court of Appeals subsequently denied Mangum leave to appeal.

Judge Maas's R&R recommends denying the petition because the refusal to give the

2

requested jury instruction did not violate either clearly established federal law or New York state law. Mangum objects to the R&R on three grounds: (1) the failure to give the jury instruction; (2) Lloyd's sobriety—and therefore, credibility—was not established with a blood test at the scene of the crime; and (3) Mangum's sentence is excessive.

## DISCUSSION

### I.      Standards of Review

A federal district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [a timely] objection is made." *Id.* The Court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). "The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *Rickett v. Orsino*, No. 10-CV-5152, 2013 WL 1155354, at *1 (S.D.N.Y. Mar. 21, 2013).

A federal district court has no jurisdiction to conduct an appellate review of a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Nonetheless, a state prisoner may seek relief by petitioning a federal court for a writ of habeas corpus on the basis that his federal rights were violated. 28 U.S.C. § 2254(a).

Federal habeas corpus relief is limited by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104-132, § 104, 110 Stat. 1214 (1996) (codified in part at 28 U.S.C. § 2254). A petition may be granted only where the state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." *Id.* In addition, "a

determination of a factual issue made by a State court shall be presumed to be correct. The

applicant shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, the habeas statute mandates a "highly

deferential standard for evaluating state-court rulings, which demands that state-court decisions

be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (citation and

internal quotation marks omitted).

## II.    Analysis

Mangum complains, in essence, that the state court misapplied New York law in denying

his jury instruction. "Simply put, 'federal habeas corpus relief does not lie for errors of state

law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502

U.S. 62, 67 (1991)).

There is no "clearly established" U.S. Supreme Court precedent requiring a jury

instruction on a lesser included offense. There is such a right in *capital* cases where "the

unavailability of a lesser included offense instruction enhances the risk of an unwarranted

conviction," *Beck v. Alabama*, 447 U.S. 625, 638 (1980), but noncapital cases are not governed

by this rule. *Acevedo v. Smith*, No. 08-CV-9899, 2011 WL 476607, at *7 (S.D.N.Y. Feb. 9,

2011) ("[The Supreme Court] has 'expressly declined to consider' whether such instructions are

necessary in the non-capital context.") (quoting *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir.

1996)).

Nor was the state-court's decision "based on an unreasonable determination of the facts."

28 U.S.C. § 2254(d)(2). It was not "unreasonable" for the trial court to base its denial of the jury

4

instruction on the observations that (1) no evidence had been presented on how Mangum might have "forcibly" stolen Lloyd's money absent the handgun; and (2) it would have been "bizarre" for Lloyd to have stripped naked absent a gun. *See Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

The Court has considered Mangum's other objections and found them to be meritless.[2]

## CONCLUSION

Having conducted a *de novo* review of Petitioner's objections, the Court adopts Judge Maas's R&R. Accordingly, the Court DENIES Mangum's petition for a writ of habeas corpus and DENIES a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated: New York, New York
      November 14, 2013

                                            SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge

**Copies sent to:**

Craig Mangum
DIN # 10-A-3264
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

---

[2] For instance, Lloyd's alleged lack of credibility as a witness is not a basis for habeas relief. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Nor is the length of Mangum's sentence, because "no federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). The sentence imposed was within the 25-year maximum for a "second violent felony offender." N.Y. Penal Law § 70.04(a). There is no doubt that Mangum had a predicate violent felony conviction. (Sentence Tr. 6.)